# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DERRICK L. FOSTER,** | : | Civil No. 3:10-CV-1804 |
| | : | |
| **Plaintiff,** | : | |
| | : | (Judge Caputo) |
| v. | : | |
| | : | (Magistrate Judge Carlson) |
| **WARDEN JEFFREY RALEIGH,** | : | |
| et al., | : | |
| **Defendants.** | : | |

## MEMORANDUM AND ORDER

### I. Introduction

The Plaintiff, a federal prisoner proceeding *pro se*, commenced this action by filing a complaint on August 27, 2010, naming some thirty individual and institutional Defendants. (Doc. 1)

An initial review of Foster's complaint reveals it to be a largely incomprehensible document. For example, the complaint concludes with the following recital:

This Complaint is presented under the Freedom of Information Act
(FOIA), Title 5 U.S.C. § 552 et seq. as amended and in conjunction of
Ohio Revised Code § 149.43 et seq., Plaintiff hereby request access to
and copies thereof the following listed information and documentations
of all such materials into which are and/or should be made available as
"PUBLIC RECORDS".

1

2.

Plaintiff on/or about May 24,2010,simultaneously State and Federal court to produce the Original assessment and the Certified Audit Trail of all Transactions for the Original Voucher expressly allowing for the Back-end Copy,IMAD,OMAD, Disposition and all Disbursement documents/receipts /l0990id /1099int. [Bid Bond,performance bond, payment bond],recognizance bond,etc, The Recognizance Bond which is a Bond of Record or Obligation for the payment of DEBT. The United States District Courts are buying up the State Court(s) Default JUDGMENTS,whenever anyone refuses to payor dishonor the DEBT ... Brokerage Houses,Contractors and Insurance Companies Bid on the default judgments - Investment Securities with a BID BOND issued by the GSA through GSA SF 1449-Contract and is a Rated Order under the DPAS[Defense Priorities and Allocations System] see 15 CFR § 700 this under the National Security Industrial Base Regulations. This is all under the Executive Branch under the President of the United States and Military. National Association of Surety Bond Producers [NASB] at Washington,D.C. 20015.

3.

The Bid Bond is then Indemified by a Surety company through Performance and Payment Bonds. The Bid, Performance, and Payment Bonds are then underwritten by the Banks as Investment Securities for Resale to the Public.

4.

GSA Form 24 is the "Bid Bond",'everyone should have a copy of the Bid Bond. The "Performance Bond" is [Standard Form] SF 25. The "Payment Bond" SF 25A. And put out by the General Services Administration (GSA). The GSA is under the " Comptroller of the Currency" which is under the General Accounting Office (GAO). O.K. you have two sets of Bonds: SF274,SF275 & SF275A. At the Federal Level you have SF 273 is the Reinsurance Agreement for a Millier Act Performance Bond. SF 274 is the Payment Bond. And SF 275 is the Reinsurance Agreement in Favor of the United States. A list of Admitted Reinsurers, Pools and Associations, and Lloyd's Syndicates, you will also see a list of the Department of the Treasury's Listing of Approved Sureties [Department Circular 570].

5.

Also be sure to forward Plaintiff the Signed, Certified Verification of any Assessment and Name of the Registered Public Accounting Firm and Name of Auditor whom Assessed the "CHARGES",their credentials, oaths, contacting info

-rmations and any Public Transcripts/Proceedings and any BONDS [BINDOVER ASSESSMENTS],proper Court, Magistrate,Judge, Prosecutor, Court Reporter, Defense Counsel, and the Executive Authorization along with each affected Government Agency/Branch having Authentic proffers to Identify the person who is the DEBTOR and who is the Creditor of accounts which consented authority to whom can/did speak or signaturize such Commercial FRAUD.

6.

Plaintiff has an interest in the Cuyahoga County,Ohio Common Pleas Court's at Cleveland,Ohio; an interest in STATE OF OHIO case no.Cr402843(Dec.13,2000 through Feb.15,2001); given rise in UNITED STATES OF AMERICA NORTHEAST DISTRICT COURT OF OHIO Case No.l:01CR183(Apr.18,2001 through Jul.23,2002 through the present);an interest in his "Administrative Remedy" initiated AUG.5,2008 "EXHAUSTED" APR.9,2009 grievancing that in accordance to title 18 U.S.C. § 4084 and 28 C.F.R. § 513.40. The ILLEGALITIES an interest in CIF NO. D2982(Feb.14,2001); gave rise an interest in the BARRATRY ACTS OF ERRANTS: given **rise an interest in the UNLAWFUL RESTRAINTS** under FEDERAL BUREAU OF PRISONS **DIRECTOR AND ITS WARDEN/CUSTODIAN/JAILER.**

7.

Plaintiff has an interest in the FEDERAL BUREAU OF PRISONS:EMS-409.51:STAFF REQUESTS FOR INMATE TRANSFER/MANAGEMENT VARIABLE [WRIT TRANSFER],which one Jeffery S. Raleigh dba ACTING WARDEN at FCC/FCI ALLENWOOD LOW on/or about the 8th day of AUG.,2008,where he and others unknown did so secret inaccurate RECORDS/ect in hindsight of Plaintiff's First Amendment Right to file his Administcative Remedy Id.at section 6. herein this Complaint.

8 .

Plaintiff has an interest in the FEDERAL CORRECTIONAL COMPLEXES ALLENWOOD FALOW & MEDIUM SECURITY CORRECTIONAL INSTITUTIONS - RETALIATORIAL ACTS OF CONSPIRATORS AND AIDING AND ABETTING FRAUDFEASORS of the STATE OF OHIO CUYAHOGA COUNTY COMMON PLEAS COURTS [ILLEGAL CONVEYANCE] of the 13 DEC 2000 " CHARGES II AT THE ARTICLE IV,§2,level which in fact, given rise of the UNITED STATES DISTRICT COUHTS [UNLAWFUL RESTRAINT] of the 23 JUL 2002 II ERRANTRY" AT THE ARTICLE III,§2,Level being in fact INVALIDATES JUDGMENT AND COMMITMENTS.

9.

Plaintiff has an interest owed by the UNITED STATES DEPARTMENT OF JUSTICES FEDERAL BUREAU OF PRISONS - DIRECTOR AND/OR ITS WARDENS IN CUSTODY WHOM ALL CONTINUOUS [DENIALS] DO SO HAVE EXECUTIVE DUTIES AND DELEGATIONAL AUTHORITIES
under 18 USC §§ 3622(6) TEMPORARY RELEASE OF A PRISONER; or 4001(a)NO citizen shall be IMPRISONED OR OTHERWISE DETAINED by the United States EXCEPT pursuant to an ACT OF CONGRESS. In hindsight of receiving NOTICE TO PRINCIPAL IS NOTICE TO AGENT AND NOTICE TO AGENT IS NOTICE TO PRINCIPAL, ucc 1-201(25)(a) (b)&(c).

10.

Plaintiff has an int.erE::st in the ORIGINAL APPLICATION [which being the WRIT of IIABEAS CORPUS AD PROSEQUENDUM] *on* standard form (SF) 424,signed by the chief executive officer of the state should have been submitted directly to the Attorney General,U.S.Department of Justice/Washington,D.C. 20530. One copy of the application should be sent to the Director,Bureau of Justice Assistance,Office of Justice Programs,U.S.Depactment of Justice,633 Indiana Avenue NW,Washington D.C. 20S31.

11.

Plaintiff has an interest in everything is being run under the Law Merchant
under Uniform Commercial Codes (UCC) 1-103, Section 1775.04 of Title 17 Corporations: Partnerships of the Ohio Revised Code says "Rules of Law aDd Equity, including the Law Herchant,to govern". RECOGNIZANCE BOND,BID BOND,PERFORMANCE BOND,PAYMENT BONO,etc. By legal definition,ALL of your Federal and State ;'Statutes'l are Bonds of Obligations OR Recocds and are represented in the room by the RECOGNIZANCE BOND, which is a Bond of Record *or* Obligation for the payment of DEBT

(Doc. , pp.13-15.)

Along with his complaint, Foster has filed a motion for leave to proceed *in forma pauperis*. (Doc. 2.) Having examined the Plaintiff's complaint we are notifying the Plaintiff that many of these allegations are subject to dismissal and are directing the Plaintiff to file an amended complaint for the reasons set forth below.

## II. Discussion

This Court has a statutory obligation to conduct a preliminary review of *pro se* complaints which seek redress against government officials. Specifically, we are obliged to review the complaint pursuant to 28 U.S.C. § 1915A which provides, in pertinent part:

> **(a) Screening**. - The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>
> **(b) Grounds for dismissal**. - On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-
>
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>
> (2) seeks monetary relief from a defendant who is immune from such relief.

Under Section 1915A, the Court must assess whether a *pro se* complaint "fails to state a claim upon which relief may be granted." This statutory text mirrors the language of Rule 12(b)(6) of the Federal Rules of Civil Procedure, which provides that a complaint should be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

With respect to this benchmark standard for legal sufficiency of a complaint, the United States Court of Appeals for the Third Circuit has recently aptly noted the evolving standards governing pleading practice in federal court, stating that:

> Standards of pleading have been in the forefront of jurisprudence in recent years. Beginning with the Supreme Court's opinion in <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544 (12007) continuing with our opinion in <u>Phillips</u> [<u>v. County of Allegheny</u>, 515 F.3d 224, 230 (3d Cir. 2008)] and culminating recently with the Supreme Court's decision in <u>Ashcroft v. Iqbal</u> –U.S.–, 129 S.Ct. 1937 (2009) pleading standards have seemingly shifted from simple notice pleading to a more heightened form of pleading, requiring a plaintiff to plead more than the possibility of relief to survive a motion to dismiss.

<u>Fowler v. UPMC Shadyside</u>, 578 F.3d 203, 209-10 (3d Cir. 2009).

In considering whether a complaint fails to state a claim upon which relief may be granted, the court must accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom are to be construed in the light most favorable to the plaintiff. <u>Jordan v. Fox Rothschild, O'Brien & Frankel, Inc.</u>, 20 F.3d 1250, 1261 (3d Cir. 1994). However, a court "need not credit a complaint's bald assertions or legal conclusions when deciding a motion to dismiss." <u>Morse v. Lower Merion Sch. Dist.</u>, 132 F.3d 902, 906 (3d Cir. 1997). Additionally a court need not "assume that a ... plaintiff can prove facts that the ... plaintiff has not alleged." <u>Associated Gen. Contractors of Cal. v. California State Council of Carpenters</u>, 459 U.S. 519, 526 (1983). As the Supreme Court held in <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544 (2007), in order to state a valid cause of action a

plaintiff must provide some factual grounds for relief which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of actions will not do." Id. at 555. "Factual allegations must be enough to raise a right to relief above the speculative level." Id. In keeping with the principles of Twombly, the Supreme Court recently underscored that a trial court must assess whether a complaint states facts upon which relief can be granted when ruling on a motion to dismiss. In Ashcroft v. Iqbal, __U.S. __, 129 S.Ct. 1937 (2009), the Supreme Court held that, when considering a motion to dismiss, a court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id. at 1950. According to the Supreme Court, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 1949. Rather, in conducting a review of the adequacy of complaint, the Supreme Court has advised trial courts that they must:

> [B]egin by identifying pleadings that because they are no more than conclusions are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

Id. at 1950.

Thus, a well-pleaded complaint must contain more than mere legal labels and conclusions. Rather, a *pro se* plaintiff's complaint must recite factual allegations which are sufficient to raise the plaintiff's claimed right to relief beyond the level of

mere speculation. As the United States Court of Appeals for the Third Circuit has stated:

> [A]fter Iqbal, when presented with a motion to dismiss for failure to state a claim, district courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts.

Fowler, 578 F.3d at 210-11.

In addition to these pleading rules, a *pro se* prisoner's complaint must comply with the requirements of Rule 8(a) of the Federal Rule of Civil Procedure which defines what a complaint should say and provides that:

> (a) A pleading that states a claim for relief must contain (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Thus, a well-pleaded complaint must contain more than mere legal labels and conclusions. Rather, a *pro se* plaintiff's complaint must recite factual allegations which are sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation, set forth in a "short and plain" statement of a cause of action. Applying these standards, we place the Plaintiff on notice that his complaint, in its

8

present form, is subject to summary dismissal, unless he amends the pleading to state a valid cause of action.

At the outset, dismissal of this complaint may be warranted because the complaint plainly fails to comply with Rule 8's basic injunction that "A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." It is well-settled that: "[t]he Federal Rules of Civil Procedure require that a complaint contain 'a short and plain statement of the claim showing that the pleader is entitled to relief,' Fed.R.Civ.P. 8(a)(2), and that each averment be 'concise, and direct,' Fed.R.Civ.P. 8(e)(1)." Scibelli v. Lebanon County, 219 F.App'x 221, 222 (3d Cir. 2007). Thus, when a complaint is "illegible or incomprehensible", id., or when a complaint "is not only of an unwieldy length, but it is also largely unintelligible", Stephanatos v. Cohen, 236 F..App'x 785, 787 (3d Cir. 2007), an order dismissing a complaint under Rule 8 without prejudice is clearly appropriate. See, e.g., Mincy v. Klem, 303 F.App'x 106 (3d Cir. 2008); Rhett v. New Jersey State Superior Court, 260 F.App'x 513 (3d Cir. 2008); Stephanatos v. Cohen. supra; Scibelli v. Lebanon County, supra; Bennett-Nelson v. La. Bd. of Regents, 431 F.3d 448, 450 n. 1 (5th Cir.2005).

These principles are applicable here, and may compel the dismissal of this complaint without prejudice. By any standard, Foster's complaint is not a "short and plain" statement of a cause of action containing averments that are "concise, and

9

direct." Therefore, Rule 8 may compel dismissal of the complaint in its entirety, but without prejudice at this time to the Plaintiff timely submitting a short and plain statement of a cause of action[1].

Indeed, with respect to many of the 30 Defendants named in this action, it is completely unclear what actions they are alleged to have taken, and when they are alleged to have taken those actions. This complete failure to articulate in the amended complaint a basis for holding these correctional staff accountable for some violation of the constitution may compel dismissal of these Defendants from this lawsuit. See Thomas v. Conway, No. 04-1137, 2005 WL 2030304 (M.D. Pa. July 21, 2005)(failure to name defendant in body of complaint compels dismissal).

Therefore, with respect to each Defendant, Foster is instructed that the complaint must contain more than "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, [which] do not suffice." Ashcroft v. Iqbal, __U.S.__, 129 S.Ct. 1937, 1949 (2009). Instead, as to each Defendant Foster must recite facts in the complaint that are sufficient to show that the Plaintiff has a "plausible claim for relief" against the named Defendant.

---

[1] We note that the failure to timely submit a proper complaint that complies with the strictures of Rule 8 may later result in the dismissal of the complaint with prejudice. See, e.g., Mincy v. Klem, 303 F.App'x 106 (3d Cir. 2008); Rhett v. New Jersey State Superior Court, 260 F.App'x 513 (3d Cir. 2008); Stephanatos v. Cohen. supra; Scibelli v. Lebanon County, supra;

10

### III. Conclusion

In this case, without the inclusion of some further well-pleaded factual allegations, the assertions made here appear to be little more than "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, [which as a legal matter] do not suffice." Ashcroft v. Iqbal, supra 127 S.Ct. At 1979. We recognize, however, that in civil rights cases *pro se* plaintiffs often should be afforded an opportunity to amend a complaint before the complaint is dismissed in its entirety, See Fletcher-Hardee Corp. V. Pote Concrete Contractors, 482 F.3d 247, 253 (3d Cir. 2007), unless granting further leave to amend would be futile or result in undue delay. Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004). Since the *pro se* complaint may not contain sufficient factual recitals to state a claim upon which relief may be granted, or otherwise may seek relief which cannot be afforded to the plaintiff, the Plaintiff is placed on notice that these allegations may be subject to dismissal under 28 U.S.C. § 1915A, and Rule 12(b)(6) of the Federal Rules of Civil Procedure.

The Court will, however, provide the Plaintiff with an opportunity to correct this potential deficiency in the *pro se* complaint, and avoid the possible sanction of dismissal of claims. Accordingly, **IT IS ORDERED** that the Plaintiff shall file an amended complaint on or before **September 20, 2010**. Any amended complaint shall be complete in all respects, and should address the issues raised by this Order. It shall be a new pleading which stands by itself as an adequate complaint without reference

to the complaint already filed. Any amended complaint shall be titled as an amended complaint and shall contain the docket number of this case. If the Plaintiff fails to file an amended complaint by **September 20, 2010**, the Court will assume that the Plaintiff cannot provide further well-pleaded facts in support of this complaint, and will make appropriate recommendations regarding whether the complaint should be dismissed, for failure to prosecute by complying with this Court's order or for failure to state a claim upon which relief may be granted.

*S/Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge

Dated: August 30, 2010.