# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DERRICK L. FOSTER,** | : | Civil No. 3:10-CV-1804 |
| | : | |
| **Plaintiff,** | : | |
| | : | (Judge Caputo) |
| v. | : | |
| | : | (Magistrate Judge Carlson) |
| **WARDEN JEFFREY RALEIGH,** | : | |
| **et al.,** | : | |
| **Defendants.** | : | |

## REPORT AND RECOMMENDATION

### I.  Introduction

The Plaintiff, a federal prisoner proceeding *pro se*, commenced this action by filing a complaint on August 27, 2010, naming some thirty individual and institutional defendants. (Doc. 1.)

An initial review of Foster's original complaint revealed it to be a largely incomprehensible document. For example, the original complaint concludes with the following recital:

> This Complaint is presented under the Freedom of Information Act (FOIA), Title 5 U.S.C. § 552 et seq. as amended and in conjunction of Ohio Revised Code § 149.43 et seq., Plaintiff hereby request access to and copies thereof the following listed information and documentations of all such materials into which are and/or should be made available as "PUBLIC RECORDS".

2.

Plaintiff on/or about May 24,2010,simultaneously State and Federal court to produce the Original assessment and the Certified Audit Trail of all Transactions for the Original Voucher expressly allowing for the Back-end Copy,IMAD,OMAD, Disposition and all Disbursement documents/receipts /l0990id /1099int. [Bid Bond,performance bond, payment bond],recognizance bond,etc, The Recognizance Bond which is a Bond of Record or Obligation for the payment of DEBT. The United States District Courts are buying up the State Court(s) Default JUDGMENTS,whenever anyone refuses to payor dishonor the DEBT ... Brokerage Houses,Contractors and Insurance Companies Bid on the default judgments - Investment Securities with a BID BOND issued by the GSA through GSA SF 1449-Contract and is a Rated Order under the DPAS[Defense Priorities and Allocations System] see 15 CFR § 700 this under the National Security Industrial Base Regulations. This is all under the Executive Branch under the President of the United States and Military. National Association of Surety Bond Producers [NASB] at Washington,D.C. 20015.

3.

The Bid Bond is then Indemnified by a Surety company through Performance and Payment Bonds. The Bid, Performance, and Payment Bonds are then underwritten by the Banks as Investment Securities for Resale to the Public.

4.

GSA Form 24 is the "Bid Bond','everyone should have a copy of the Bid Bond. The "Performance Bond" is [Standard Form] SF 25. The "Payment Bond" SF 25A. And put out by the General Services Administration (GSA). The GSA is under the " Comptroller of the Currency" which is under the General Accounting Office (GAO). O.K. you have two sets of Bonds: SF274,SF275 & SF275A. At the Federal Level you have SF 273 is the Reinsurance Agreement for a Miller Act Performance Bond. SF 274 is the Payment Bond. And SF 275 is the Reinsurance Agreement in Favor of the United States. A list of Admitted Reinsurers, Pools and Associations, and Lloyd's Syndicates, you will also see a list of the Department of the Treasury's Listing of Approved Sureties [Department Circular 570].

5.

Also be sure to forward Plaintiff the Signed, Certified Verification of any

Assessment and Name of the Registered Public Accounting Firm and Name of Auditor whom Assessed the "CHARGES",their credentials, oaths, contacting informations and any Public Transcripts/Proceedings and any BONDS [BINDOVER ASSESSMENTS],proper Court, Magistrate, Judge, Prosecutor, Court Reporter, Defense Counsel, and the Executive Authorization along with each affected Government Agency/Branch having Authentic proffers to Identify the person who is the DEBTOR and who is the Creditor of accounts which consented authority to whom can/did speak or signaturize such Commercial FRAUD.

6.

Plaintiff has an interest in the Cuyahoga County,Ohio Common Pleas Court's at Cleveland,Ohio; an interest in STATE OF OHIO case no.Cr402843(Dec.13, 2000 through Feb.15, 2001); given rise in UNITED STATES OF AMERICA NORTHEAST DISTRICT COURT OF OHIO Case No.l:01CR183(Apr.18,2001 through Jul.23,2002 through the present);an interest in his "Administrative Remedy" initiated AUG.5,2008 "EXHAUSTED" APR.9, 2009 grievancing that in accordance to title 18 U.S.C. § 4084 and 28 C.F.R. § 513.40. The ILLEGALITIES an interest in CIF NO. D2982(Feb.14,2001); gave rise an interest in the BARRATRY ACTS OF ERRANTS: given **rise an interest in the UNLAWFUL RESTRAINTS** under FEDERAL BUREAU OF PRISONS **DIRECTOR AND ITS WARDEN/CUSTODIAN/JAILER.**

7.

Plaintiff has an interest in the FEDERAL BUREAU OF PRISONS:EMS-409.51:STAFF REQUESTS FOR INMATE TRANSFER/MANAGEMENT VARIABLE [WRIT TRANSFER],which one Jeffery S. Raleigh dba ACTING WARDEN at FCC/FCI ALLENWOOD LOW on/or about the 8th day of AUG.,2008,where he and others unknown did so secret inaccurate RECORDS/ect in hindsight of Plaintiff's First Amendment Right to file his Administrative Remedy Id.at section 6. herein this Complaint.

8 .

Plaintiff has an interest in the FEDERAL CORRECTIONAL COMPLEXES ALLENWOOD PA LOW & MEDIUM SECURITY CORRECTIONAL INSTITUTIONS - RETALIATORIAL ACTS OF CONSPIRATORS AND AIDING AND ABETTING FRAUDFEASORS of the STATE OF OHIO CUYAHOGA COUNTY COMMON PLEAS COURTS [ILLEGAL CONVEYANCE] of the 13 DEC 2000 " CHARGES"  AT THE ARTICLE

IV,§2,level which in fact, given rise of the UNITED STATES DISTRICT COURTS [UNLAWFUL RESTRAINT] of the 23 JUL 2002 "ERRANTRY" AT THE ARTICLE III,§2,Level being in fact INVALIDATES JUDGMENT AND COMMITMENTS.

9.

Plaintiff has an interest owed by the UNITED STATES DEPARTMENT OF JUSTICES FEDERAL BUREAU OF PRISONS - DIRECTOR AND/OR ITS WARDENS IN CUSTODY WHOM ALL CONTINUOUS [DENIALS] DO SO HAVE EXECUTIVE DUTIES AND DELEGATIONAL AUTHORITIES under 18 USC §§ 3622(6) TEMPORARY RELEASE OF A PRISONER; or 4001(a)NO citizen shall be IMPRISONED OR OTHERWISE DETAINED by the United States EXCEPT pursuant to an ACT OF CONGRESS. In hindsight of receiving NOTICE TO PRINCIPAL IS NOTICE TO AGENT AND NOTICE TO AGENT IS NOTICE TO PRINCIPAL, UCC 1-201(25)(a)(b)&(c).

10.

Plaintiff has an interest in the ORIGINAL APPLICATION [which being the WRIT of HABEAS CORPUS AD PROSEQUENDUM] on standard form (SF) 424,signed by the chief executive officer of the state should have been submitted directly to the Attorney General,U.S.Department of Justice/Washington,D.C. 20530. One copy of the application should be sent to the Director,Bureau of Justice Assistance,Office of Justice Programs, U.S. Department of Justice,633 Indiana Avenue NW,Washington D.C. 20531.

11.

Plaintiff has an interest in everything is being run under the Law Merchant under Uniform Commercial Codes (UCC) 1-103, Section 1775.04 of Title 17 Corporations: Partnerships of the Ohio Revised Code says "Rules of Law and Equity, including the Law Merchant, to govern". RECOGNIZANCE BOND,BID BOND,PERFORMANCE BOND,PAYMENT BOND,etc. By legal definition, ALL of your Federal and State Statutes' are Bonds of Obligations OR Rececds and are represented in the room by the RECOGNIZANCE BOND, which is a Bond of Record or Obligation for the payment of DEBT.

(Doc. 1, pp.13-15.)

Along with his complaint, Foster filed a motion for leave to proceed *in forma pauperis*. (Doc. 2.) After examining the Plaintiff's complaint we notified the Plaintiff that many of these allegations were subject to dismissal, and directed the Plaintiff to file an amended complaint by September 27, 2010. (Doc. 6.) When Plaintiff failed to file a timely amended complaint, we concluded that Plaintiff was unable to correct the flaws in his pleadings, and on September 28, 2010, we recommended that the complaint be dismissed. (Doc. 7.)

On October 1, 2010, Plaintiff filed an amended complaint (Doc. 9), together with a document entitled "declaration," (Doc. 8), and a motion for leave to proceed *in forma pauperis* (Doc. 10). Although the amended complaint was filed after September 27, 2010, we have reviewed the amended pleading in order to determine whether Plaintiff had succeeded in addressing the pleading deficiencies, procedural shortcomings, and substantive flaws reflected in his prior complaint. Upon due consideration, we conclude that although he has filed a more succinct and more legible petition for relief, Plaintiff has not addressed certain other manifest, and fundamental problems that affected his original complaint.

Indeed, the amended complaint appears to be addressing almost entirely new issues, which, although not entirely clear, appear to be related to an adjustment in Plaintiff's custody level and transfer from a low-security facility to the medium-security facility within FCI-Allenwood. However, Plaintiff has failed to include any

cogent factual allegations to explain the nature of his claim, or how any of the named Defendants were involved in an adjustment to his custody status, or to allege how such an adjustment and transfer constituted retaliatory conduct. Notwithstanding the lack of allegations to support his claim, Plaintiff has attached a collection of documents to the complaint, including one dated August 8, 2008, in which it was represented that since his arrival at the low-security facility at FCI-Allenwood, Plaintiff had been found to have made a "poor adjustment" and had received incident reports for being away from his work assignment without permission, and for lying or making a false statement and being in an unauthorized area. (Doc. 9, Attach.) In marked contrast to this disciplinary recommendation, the vast majority of the documents that Plaintiff has attached to his complaint appear entirely unrelated to the claims set forth in the amended complaint, but instead consist of administrative filings and other documents reflecting Plaintiff's belief that he should not be incarcerated in a federal prison. In addition to these documents, Plaintiff has filed a "declaration" in which, among other things, he explains that he is "impaired of BRIEF WRITING SKILLS," apparently due in part to the asserted fact that "this current FCI Allenwood PA institution sits in a valley which intensifies FOG ALERT LOCKDOWNS as we speak." (Doc. 8.)

In addition to lacking sufficient factual allegations in support of the claims, the amended complaint appears to seek entirely new, and entirely confounding, forms of relief, including the following:

1. ORDER DEFENDANTS/OTHER RESOURCES FOR DISCOVERY UNDER (FOIA) to turn overto [sic] the Plaintiff pertinent RECORDS/DOCUMENTS held in relevance to this matter at hand and SUMMONSES OF WITNESSES/DEFENDANTS to appear before this action in Court.

2. ORDER ALTERNATIVE RESOLUTIONS to reach out-of-court settlements towards the Plaintiff sought $300 million in functional U.S. currency MONETARY RELIEFS and SEQUESTER JURY TRIAL DEMANDS as such appropriate actions must be taken to INSURE this type of situation will NOT take place again.

3. WHETHER CONSTRUE ISSUING Plaintiff a WRIT OF HABEAS CORPUS IN ADMIRALTY PUR. 28 U.S.C. § 2241 or 2254(d) and IMMEDIATELY DISCHARGE/RELEASE Plaintiff as verified by INFORMATION/DOCUMENTS of/from a court of law. SEE ATTACHED STATE DOCKET/DOCUMENT CIF. NO. D2982 etc.

(Doc. 9, at 3.)

The Plaintiff's amended complaint went on to explain the gravamen of his latest complaint, at page 42, in the following terms:

[T]he complicated cruxes is that: STATE OF OHIO v. Derrick L. Foster, . . . fatally lacks prerequisite of [procedural] due process requirements to neither draft out nor transcribe necessary CERTIFICATE OF AUTHORITIES TO BINDOVER TO ANOTHER JURISDICTION under conductivity of notice; or hearings.....

(Doc. 9, p. 42.)

Upon consideration of this latest pleading, we continue to find that Plaintiff has failed to plead sufficiently a cognizable cause of action, and we, therefore, stand by prior our recommendation that the complaint be dismissed.

## II. <u>Discussion</u>

This Court has a statutory obligation to conduct a preliminary review of *pro se* complaints which seek redress against government officials. Specifically, we are obliged to review the complaint pursuant to 28 U.S.C. § 1915A which provides, in pertinent part:

> **(a) Screening**. - The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>
> **(b) Grounds for dismissal**. - On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-
>
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>
> (2) seeks monetary relief from a defendant who is immune from such relief.

Under Section 1915A, the court must assess whether a *pro se* complaint "fails to state a claim upon which relief may be granted." This statutory text mirrors the language of Rule 12(b)(6) of the Federal Rules of Civil Procedure, which provides

that a complaint should be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

With respect to this benchmark standard for legal sufficiency of a complaint, the United States Court of Appeals for the Third Circuit has aptly noted the evolving standards governing pleading practice in federal court, stating that:

> Standards of pleading have been in the forefront of jurisprudence in recent years. Beginning with the Supreme Court's opinion in <u>Bell Atlantic Corp. v. Twombly,</u> 550 U.S. 544 (2007) continuing with our opinion in <u>Phillips</u> [v. County of Allegheny, 515 F.3d 224, 230 (3d Cir. 2008)]and culminating recently with the Supreme Court's decision in <u>Ashcroft v. Iqbal</u> –U.S.–, 129 S.Ct. 1937 (2009) pleading standards have seemingly shifted from simple notice pleading to a more heightened form of pleading, requiring a plaintiff to plead more than the possibility of relief to survive a motion to dismiss.

<u>Fowler v. UPMC Shadyside</u>, 578 F.3d 203, 209-10 (3d Cir. 2009).

In considering whether a complaint fails to state a claim upon which relief may be granted, the court must accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom are to be construed in the light most favorable to the plaintiff. <u>Jordan v. Fox Rothschild, O'Brien & Frankel, Inc.</u>, 20 F.3d 1250, 1261 (3d Cir. 1994). However, a court "need not credit a complaint's bald assertions or legal conclusions when deciding a motion to dismiss." <u>Morse v. Lower Merion Sch. Dist.</u>, 132 F.3d 902, 906 (3d Cir. 1997). Additionally a court need not "assume that a ... plaintiff can prove facts that the ... plaintiff has not alleged." <u>Associated Gen. Contractors of Cal. v. California State Council of</u>

Carpenters, 459 U.S. 519, 526 (1983). As the Supreme Court held in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), in order to state a valid cause of action a plaintiff must provide some factual grounds for relief which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of actions will not do." Id. at 555. "Factual allegations must be enough to raise a right to relief above the speculative level." Id. In keeping with the principles of Twombly, the Supreme Court has underscored that a trial court must assess whether a complaint states facts upon which relief can be granted when ruling on a motion to dismiss. In Ashcroft v. Iqbal, __U.S.__, 129 S.Ct. 1937 (2009), the Supreme Court held that, when considering a motion to dismiss, a court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id. at 1950. According to the Supreme Court, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 1949. Rather, in conducting a review of the adequacy of complaint, the Supreme Court has advised trial courts that they must:

> [B]egin by identifying pleadings that because they are no more than conclusions are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

Id. at 1950.

Thus, a well-pleaded complaint must contain more than mere legal labels and conclusions. Rather, a *pro se* plaintiff's complaint must recite factual allegations which are sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation. As the United States Court of Appeals for the Third Circuit has stated:

> [A]fter Iqbal, when presented with a motion to dismiss for failure to state a claim, district courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts.

Fowler, 578 F.3d at 210-11.

In addition to these pleading rules, a *pro se* prisoner's complaint must comply with the requirements of Rule 8(a) of the Federal Rule of Civil Procedure which defines what a complaint should say and provides that:

> (a) A pleading that states a claim for relief must contain (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Thus, a well-pleaded complaint must contain more than mere legal labels and conclusions. Rather, a *pro se* plaintiff's complaint must recite factual allegations

which are sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation, set forth in a "short and plain" statement of a cause of action. Applying these standards, we find that this complaint, in its present form, is subject to summary dismissal.

At the outset, dismissal of this complaint is warranted because the complaint plainly fails to comply with Rule 8's basic injunction that "A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." It is well-settled that: "[t]he Federal Rules of Civil Procedure require that a complaint contain 'a short and plain statement of the claim showing that the pleader is entitled to relief,' Fed.R.Civ.P. 8(a)(2), and that each averment be 'concise, and direct,' Fed.R.Civ.P. 8(e)(1)." Scibelli v. Lebanon County, 219 F. App'x 221, 222 (3d Cir. 2007). Thus, when a complaint is "illegible or incomprehensible", id., or when a complaint "is not only of an unwieldy length, but it is also largely unintelligible", Stephanatos v. Cohen, 236 F. App'x 785, 787 (3d Cir. 2007), an order dismissing a complaint under Rule 8 is clearly appropriate. See, e.g., Mincy v. Klem, 303 F. App'x 106 (3d Cir. 2008); Rhett v. New Jersey State Superior Court, 260 F. App'x 513 (3d Cir. 2008); Stephanatos v. Cohen. supra; Scibelli v. Lebanon County, supra; Bennett-Nelson v. La. Bd. of Regents, 431 F.3d 448, 450 n.1 (5th Cir. 2005).

In the first instance Rule 8 dismissals are often entered without prejudice to allowing the litigant the opportunity to amend and cure any defects. However, in a case such as this, where the Plaintiff was given an opportunity to amend his complaint after being placed on notice of the requirements of Rule 8, but has failed to file a pleading that contains a short and plain statement of a cause of action a different course of action is appropriate. In such instances, the failure to timely submit a proper complaint that complies with the strictures of Rule 8 warrants the dismissal of the complaint with prejudice. See, e.g., Mincy v. Klem, 303 F. App'x 106 (3d Cir. 2008); Rhett v. New Jersey State Superior Court, 260 F. App'x 513 (3d Cir. 2008); Stephanatos v. Cohen. supra; Scibelli v. Lebanon County, supra;

These principles are applicable here, and compel the dismissal of this amended complaint. By any standard, Foster's complaint is not a "short and plain" statement of a cause of action containing averments that are "concise, and direct." Therefore, Rule 8 compels dismissal of the complaint in its entirety. Indeed, with respect to the latest Defendants named in this action,[1] it is completely unclear what actions they are

---

[1] In his original complaint, Plaintiff named approximately 30 defendants. It appears that in the amended complaint, Plaintiff has pared this list down to four, comprised of Associate Warden Jeffrey S. Raleigh, Warden Jerry C. Martinez (LSCI Allenwood-Low), Warden David J. Ebbert (FCI-Allenwood-Medium), and Harley G. Lappin, the Director of the Federal Bureau of Prisons. However, there is absolutely no explanation regarding how these senior supervisory prison officials are alleged to have violated Foster's rights. It is well-settled that a claim of a constitutional deprivation cannot be premised merely on the fact that the named Defendant was a prison supervisor when the incidents set forth in the complaint

13

alleged to have taken, and when they are alleged to have taken those actions. This

---

occurred. Quite the contrary, to state a Bivens claim, the plaintiff must show that the supervisory defendant, acting under color of state law, deprived him of a right secured by the Constitution or laws of the United States. 42 U.S.C. §1983; Morse v. Lower Merion School Dist., 132 F.3d 902 (3d Cir. 1997); see also Maine v.Thiboutot, 448 U.S. 1 (1980). Liability under § 1983 is personal in nature and can only follow personal involvement in the alleged wrongful conduct shown through specific allegations of personal direction or of actual knowledge and acquiescence in the challenged practice. Robinson v. City of Pittsburgh, 120 F.3d 1286 (3d Cir. 1997).

In particular, with respect to prison supervisors it is well-established that:

"A[n individual government] defendant in a civil rights action must have personal involvement in the alleged wrongdoing; liability cannot be predicated solely on the operation of *respondeat superior*. Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir.1988).

Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005).

As the United States Supreme Court has observed in underscoring this principle:

Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*. Because vicarious liability is inapplicable to Bivens and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.

Ashcroft v. Iqbal, 129 S.Ct. 1937, 1948 (2009).

In this case, Foster has alleged no such "individual actions" on the part of these Defendants. In the absence of any well-pleaded facts showing that these supervisory officials took individual actions which violated Foster's constitutional rights– something that is notably lacking here– his claims against this October 20, 2010, Defendant fail as a matter of law and must be dismissed

failure to articulate in the amended complaint a basis for holding these correctional staff accountable for some violation of the constitution also requires dismissal of these Defendants from this lawsuit. See Thomas v. Conway, No. 04-1137, 2005 WL 2030304 (M.D. Pa. July 21, 2005)(failure to name defendant in body of complaint compels dismissal).

In this case, without the inclusion of some further well-pleaded factual allegations, the assertions made here fail to meet the threshold defined by law since they are little more than "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, [which as a legal matter] do not suffice." Ashcroft v. Iqbal, supra 127 S.Ct. at 1979. We recognize that in civil rights cases *pro se* plaintiffs typically should be afforded an opportunity to amend a complaint before the complaint is dismissed in its entirety, see Fletcher-Hardee Corp. v. Pote Concrete Contractors, 482 F.3d 247, 253 (3d Cir. 2007), unless granting further leave to amend would be futile or result in undue delay. Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004). In this case we afforded such an opportunity to Foster, but to no avail. Since the *pro se* complaint does not contain sufficient factual recitals to state a claim upon which relief may be granted, or otherwise may seek relief which cannot be afforded to the Plaintiff, the complaint should be dismissed under 28 U.S.C. § 1915A, and Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## III. Recommendation

Accordingly, for the foregoing reasons, IT IS RECOMMENDED that:

1. Plaintiff's motion for leave to proceed in forma pauperis (Doc. 10) be GRANTED; and

2. Plaintiff's amended complaint (Doc. 9) be DISMISSED for the failure to state a claim upon which relief can be granted.

The Plaintiff is further placed on notice that pursuant to Local Rule 72.3:

Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 20th day of October, 2010.

                                               *S/Martin C. Carlson*
                                               Martin C. Carlson
                                               United States Magistrate Judge