**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| DERRICK FOSTER, | |
| Plaintiff, | CIVIL ACTION NO. 3:10-CV-1804 |
| v. | (JUDGE CAPUTO) |
| WARDEN JEFFREY RALEIGH, et al., | |
| Defendants. | |

**MEMORANDUM**

Presently before the court is the report and recommendation of Magistrate Judge Martin C. Carlson. (Doc. 13.) After screening the plaintiff's amended complaint pursuant to 28 U.S.C. § 1915A, Magistrate Judge Carlson recommends its dismissal for failure to state a claim upon which relief can be granted. The plaintiff, Derrick Foster, objects to the recommendation. The court has considered Mr. Foster's objections. For the reasons explained below, the report and recommendation will be adopted, Mr. Foster will be granted leave to proceed *in forma pauperis*, and the amended complaint will be dismissed.

**I. Background**

Mr. Foster is a federal prisoner proceeding *pro se*. He filed a complaint on August 27, 2010, naming some thirty individual and institutional defendants. (Doc. 1.) He also filed a purported "affidavit of indigency." (Doc. 2.) Magistrate Judge Carlson reviewed the complaint pursuant to 28 U.S.C. § 1915A and found it to be "a largely incomprehensible document." (Order, Doc. 3 at 1.) Judge Carlson notified Mr. Foster that the complaint was subject to dismissal under 28 U.S.C. § 1915A and Federal Rule of Civil Procedure 12(b)(6). He

1

directed the plaintiff to file an amended complaint by September 20, 2010, and warned him that failure to do so would result in a recommendation of dismissal. The plaintiff moved for an extension of time, Doc. No. 5, in which he revealed his confusion about Judge Carlson's prior order. (*See* Doc. 6 at 3.) As Judge Carlson noted:

> In this document, Foster ignored the Court's stated concern that his complaint was unintelligible; asserted in a confused fashion that he "challenges the facts ASSUMING HIM TO BEING [sic] A [FEDERAL PRISONER];" insisted that he is filing Freedom of Information Act requests for pertinent records; and requested an additional thirty days to respond to this Court's screening order.

(Doc. 6 at 3–4.) Judge Carlson granted a seven-day extension. His order emphasized that the previous screening order did not turn on any issues that could be resolved through a FOIA request; therefore granting him time to pursue a FOIA request was unnecessary. The complaint had not suffered from evidentiary infirmities; instead it failed to state a claim that could be pursued in federal court. Judge Carlson urged Mr. Foster to "focus on the task of stating a coherent claim in a short, plain and understandable fashion." (*Id.*)

Mr. Foster failed to file an amended complaint within the given deadline. Judge Carlson issued a report recommending that the action be dismissed without prejudice. (Doc. 7 at 11.) Several days later, Mr. Foster filed a document titled "Declaration of 'Derrick Foster.'" (Doc. 8.) Below, portions of the document labeled "Statement of the Facts" are reproduced verbatim:

> 4. That Affiant since his arrival April 4, 2007 at Low Security Correctional Institution (LSCI) Allenwood PA, Affiant did not make poor adjustments did receive two separate incident reports on Dec. 24, 2007, and on May 8, 2008, at LSCI Allenwood PA;
>
> 5. That Affiant while at LSCI Allenwood PA obtained knowledge secreted in the FBOP's Administrative Remedy Program which could achieve Affiant's endeavors to become/regain his freeman status amongst ordinary citizens in society (Cleveland, Ohio);

2

6. That Affiant on August 5, 2008 filed a Informal Resolution (known as a BP-8) which is requirements to start a Administrative Remedy (BP-8, BP-9, BP-10, and BP-11_ intowhich after the BP-11, Affiant is considered EXHAUSTIONS OF HIS REMEDY under 1997(e);

7. That Affiant during the BP-9 stage at LSCI Allenwood PA, aon 8/8/2008 Jeffrey S. Raleigh d/b/a Acting Warden, did in fact, make falsifications on a FBOP EMS-409.051 REQUEST FOR TRANSFER form, stating a July 14, 20077 a Unit Disciplinary Hearing "updated Affiant's Custody Classification (BP-338) to a Medium level score NOT requested redesignating to a Medium level institution";

8. That Affiant continuous irreparable suffarages of retaliatorial acts of conspirators (a) Affiant did not receive fair ntoice of any requests for transfer nor any requests for custody classification level changes, (b) Affiant on 9/9/2008 did arrive TRANSFERED DISCIPLINARY to Federal Correctional Institution (FCI) Allenwood, PA, (c) Affiant did receive retributive acts fo two separate incident reports on Fen. 23, 2010, and on rMay 25, 2010, at FCI Allenwood PA intowhich during time spent in the SHU/Staff confiscated the BP-10 and BP-11 and other evidence held relevance at hand to; and

9. That Affiant on August 27, 2010, proceeded pro se, commenced this civil rights action unintelligibly, and was not a short and plain statement towards a cause of action, as Magistrate Judge Martin C. Carlson ORDERS 8/31/10. 9/1/10 and 9/21/10 states. Affiant omits concerns towards the "statute of limitations" to file a claim, coupled in facts Affiant is impaired of BRIEF WRITING SKILLS, and this current FCI Allenwood PA institution sits in a valley which intensified FOG ALERT LOCKDOWNS as we speak.

WHEREFORE, Affiant encloses an civil application form this Middle District Court, Clerk Office in hopes to satisfy any confusion to comply with this Court's screening process. HOWEVER, Affiant continues to reserve the right to amend complaint.

Mr. Foster contemporaneously filed an amended complaint, (Doc. 9), and application to proceed *in forma pauperis*, (Doc. 10). The amended complaint is a standard, fill-in-the-blank form, which has the virtue of brevity. Mr. Foster appended forty-three pages of miscellaneous documents to his amended complaint. These documents suggest that he has challenged his sentence via correspondence with various agencies.

As for the amended complaint, Mr. Foster lists the following under the heading

3

"Statement of Claim:"

> 1. Plaintiff on AUG. 5, 2008 filed an Administrative Remedy at the LOW Security Institution Inmate Challenge to Information of the State referral over to the Federal referral seeking reliefs of immediate discharge/release with prejudice and just compensations.
>
> 2. Plaintiff is unbeknownst in the Administrative Remedy on AUG. 8, 2008 LSCI's ACTING WARDEN JEFFERY S. RALEIGH retaliatorial acts with conspirators entered Falsifications on a EMS-409.051 form, raised Custody Level from 8 to a Score 16 and TRANSFERRED to MEDIUM Custody.
>
> 3. Plaintiff is to no avail with ANY UNIT TEAM MEMBERS and VARIOUS STAFF (same) both at the LSCI and FCI ALLENWOOD COMPLEX(ES) where ALL FAILED TO INTERVENE NOR CORRECT INACCURATE FBOP RECORDS NOR IMPARTIALLY INVESTIGATE CHALLENGES IN THE LEGALITIES OF THE STATE REFERRAL . . .

He seeks various forms of relief, including "pertinent records" under the Freedom of Information Act, $300 million "in functional U.S. currency," and a "writ of habeas corpus in admiralty." His application to proceed *in forma pauperis* describes his financial status as follows: he has no monthly income or bank accounts, and he owns nothing of value.

The magistrate judge recommends that the application to proceed *in forma pauperis* be granted, and that the amended complaint be dismissed for failure to state a claim upon which relief can be granted.

## II. Discussion

### A. Legal Standard

Where objections to the magistrate judge's report are filed, the court must conduct a *de novo* review of the contested portions of the report, *Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989) (citing 28 U.S.C. § 636(b)(1)(c)), provided the objections are both timely and specific, *Goney v. Clark*, 749 F.2d 5, 6–7 (3d Cir. 1984). In making its *de novo*

review, the court may accept, reject, or modify, in whole or in part, the factual findings or legal conclusions of the magistrate judge. *See* 28 U.S.C. § 636(b)(1); *Owens v. Beard*, 829 F. Supp. 736, 738 (M.D. Pa. 1993). Although the review is *de novo*, the statute permits the court to rely on the recommendations of the magistrate judge to the extent it deems proper. *See United States v. Raddatz*, 447 U.S. 667, 675–76 (1980); *Goney*, 749 F.2d at 7; *Ball v. United States Parole Comm'n*, 849 F. Supp. 328, 330 (M.D. Pa. 1994). Uncontested portions of the report may be reviewed at a standard determined by the district court. *See Thomas v. Arn*, 474 U.S. 140, 154 (1985); *Goney*, 749 F.2d at 7. At the very least, the court should review uncontested portions for clear error or manifest injustice. *See, e.g., Cruz v. Chater*, 990 F. Supp. 375, 376–77 (M.D. Pa. 1998).

**B. The Amended Complaint Fails to State a Claim**

Magistrate Judge Carlson's report quoted at length from Mr. Foster's amended complaint; the quoted passages reveal that the amended complaint is hard to comprehend. The following passage was cited as representing the crux of the amended complaint:

> [T]he complicated cruxes is that: STATE OF OHIO v. Derrick L. Foster . . . fatally lacks prerequisite of [procedural] due process requirements to neither draft out nor transcribe necessary CERTIFICATE OF AUTHORITIES TO BINDOVER TO ANOTHER JURISDICTION under conductivity of notice; or hearings.....

(Doc. 9 at 42.) The report noted that the complaint failed to comply with Federal Rule of Civil Procedure 8(a)'s requirement that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Additionally, Mr. Foster failed to plead a cognizable cause of action or explain what actions the defendants took that entitle him to relief.

5

Mr. Foster's objections, unfortunately, are as incomprehensible as his other filings. They fail to explain what portions of the report he objects to or why. Nevertheless, the court has reviewed the amended complaint *de novo*, and concurs with the magistrate judge's report and recommendation.

A *pro se* plaintiff in a civil rights action is generally given leave to amend his complaint, even where leave is not requested, unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002). Here, amendment would be futile because Mr. Foster's claims are unintelligible, and he appears to lack the capacity to file comprehensible pleadings.

### III. Conclusion

Mr. Foster appears to be indigent, and his motion for leave to proceed *in forma pauperis* will be granted. The report and recommendation will be adopted and the amended complaint will be dismissed. An appropriate order follows.

December 22, 2010  /s/ A. Richard Caputo
Date  A. Richard Caputo
United States District Judge

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DERRICK FOSTER, | |
| Plaintiff, | NO. 3:10-CV-1804 |
| v. | (JUDGE CAPUTO) |
| WARDEN JEFFREY RALEIGH, et al., | |
| Defendants. | |

## ORDER

**NOW**, this 22nd day of December, 2010, **IT IS HEREBY ORDERED** that:

(1) The plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 10) is **GRANTED**.

(2) The report and recommendation (Doc. 13) is **ADOPTED**.

(3) The plaintiff's amended complaint (Doc. 9) is **DISMISSED**.

(4) The clerk of court is directed to mark this case **CLOSED**.

/s/ A. Richard Caputo
A. Richard Caputo
United States District Judge